HENRY J. GLOVER, PETITIONER v. STATE OF NORTH CAROLINA, DEFENDANT

No. 6828SC272

(Filed 11 December 1968)

**Criminal Law §§ 156, 181— certiorari to review post-conviction judgment dismissed as improvidently granted**

Petition for writ of *certiorari* to review a post-conviction judgment is dismissed as improvidently granted where it now appears that prior to filing the present post-conviction petition, petitioner had already obtained the relief requested as to certain escape sentences and had had a full post-conviction review of and was denied relief as to his remaining convictions, from which determination he had unsuccessfully petitioned for *certiorari* to the Supreme Court of North Carolina and to the Supreme Court of the United States.

ON *Writ* of *Certiorari*, to review an order of *Jackson, J.,* September 1967 Session of BUNCOMBE Superior Court.

In 1947 petitioner was given active prison sentences in Cumberland Superior Court on his pleas of guilty to seven different felonies. While serving one of these sentences he escaped in 1951 and committed additional offenses. For these he was indicted in Madison County for armed robbery, highway robbery, assault, and larceny. By consent of counsel appointed to represent him, trial was transferred to Buncombe Superior Court, where he pleaded guilty to armed robbery, highway robbery, and larceny. Thereupon, on 5 June 1951 judgment was entered in Superior Court of Buncombe County, sentencing petitioner to prison for a term of not less than 22 nor more than 25 years.

In August 1967 petitioner filed in Buncombe Superior Court a petition pursuant to G.S. 15-217 *et seq.* seeking post-conviction review of the 1951 criminal proceedings. In this petition he seeks to have the 22 to 25 year sentence vacated and in addition to have certain escape sentences, which had been imposed upon him in Yancey Superior Court in 1955 and 1957 and in Wake Superior Court in 1962 backdated and therefore declared already served. Upon petitioner's affidavit of indigency, an attorney was appointed to represent him in connection with his petition for post-conviction review. A hearing was held on his petition at the September 1967 criminal session of Buncombe Superior Court, the petitioner and his court-appointed counsel being present and participating. Following this hearing the court entered an order making full findings of fact and concluding as a matter of law that none of petitioner's constitutional or legal rights had been violated in the 1951 proceedings

and that the relief prayed for with reference to the escape sentences was premature.

From this order denying any relief, petitioner made application to this Court for *writ* of *certiorari*, which was granted.

*Attorney General T. W. Bruton and Staff Attorney Dale Shepherd for the State.*

*T. E. L. Lipsey for the petitioner.*

PARKER, J.

Subsequent to filing of the record on appeal pursuant to our *writ* of *certiorari* in this matter, examination of the records of the Appellate Division of the General Court of Justice disclose that in 1952 petitioner sought and obtained post-conviction review in the Superior Court of Buncombe County of the 1951 criminal proceedings against him; that an attorney was appointed to represent him and did represent him in that post-conviction proceeding; that on 15 April 1952 a plenary hearing was held before Judge William H. Bobbitt, then a judge of the Superior Court holding the Courts of Buncombe County; that as a result of this hearing an order of the superior court was entered making full findings of fact and denying petitioner relief; that petition for *certiorari* was filed with the Supreme Court of North Carolina and denied by that Court; that a further petition for *certiorari* was filed with the Supreme Court of the United States and denied by that Court on 7 June 1954, 347 U.S. 1021, 74 S. Ct. 878, 98 L. Ed. 1142. In his 1952 petition for post-conviction review, petitioner raised essentially the same questions, and could have raised all of the questions, which he now seeks to raise again in his 1967 petition.

Petitioner further sought to test the constitutionality of his 1951 conviction by a petition for *habeas corpus* filed in Superior Court of Wake County, which resulted in an order dated 7 January 1954 denying relief. Subsequently, in 1954 he filed in the Superior Court of Wake County a petition entitled to be a petition for a "writ of error coram nobis" which resulted in an order dated April 1954 denying relief. A petition for *certiorari* to the Supreme Court of North Carolina to review this last mentioned order of the Superior Court of Wake County was denied on 4 May 1954.

It further appears that by petition dated 4 March 1968 filed in Superior Court of Cumberland County, petitioner sought post-conviction review of the 1947 sentence which had been imposed upon

him in Cumberland County and in addition sought a determination of the dates from which the several escape sentences should run. A plenary hearing was had on this petition resulting in an order of the Superior Court of Cumberland County dated 27 May 1968 in which the court found that petitioner had completed service of all prison terms imposed on him by the Superior Court of Cumberland County in the 1947 cases and that petitioner had served in full the Yancey County escape cases.

Since it now appears that prior to the filing of the present petition for post-conviction review in the Superior Court of Buncombe County, petitioner had already obtained a full post-conviction review of the 1951 criminal proceedings and had been denied relief, from which determination he had unsuccessfully petitioned for *certiorari* to the Supreme Court of North Carolina and to the Supreme Court of the United States, and since petitioner has already obtained the relief which he sought as to the Yancey County escape sentences, we conclude that the petition for *writ* of *certiorari* to review the 1967 order of Buncombe Superior Court heretofore granted by this Court was improvidently granted, and said petition is hereby

Dismissed.

BROCK and BRITT, JJ., concur.